UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

R. L. Wright,

            **Plaintiff,**

      v.

CENTENNIAL HEALTHCARE CORP.
et al.

            **Defendants.**

Civil Action 04-1938 (TFH)

## MEMORANDUM OPINION

Plaintiff Rosalind Wright alleges that defendants Centennial Healthcare Corporation and Centennial Healthcare Management Corporation (collectively, "Centennial") subjected her to race discrimination, retaliation, and defamation.  Complaint ("Compl."). [dkt. #1]  Pending before the Court is defendants' Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim or Alternatively, for Summary Judgment. [dkt. #3]  Centennial argues that plaintiff's claims are barred because all or some of her claims were discharged pursuant to the order confirming Centennial's Chapter 11 bankruptcy reorganization plan.  Upon consideration of defendants' motion, plaintiff's opposition, defendants' reply thereto, and the record in this case, the Court will grant defendants' motion.

## Background

From August 1995 until her termination in October 2003, Ms. Wright, a black female, served as Executive Director of the Grand Park Care Center, a nursing home owned and operated by Centennial.  Plaintiff alleges: (a) race discrimination in the form of a hostile work environment from early 2001 until her termination in October 2003; (b) retaliation for her

complaints about racism and discriminatory practices in the form of a negative performance evaluation and her termination; and (c) defamation following her termination.  On September 29, 2004, plaintiff filed a complaint in the Superior Court for the District of Columbia.  On November 8, 2004, defendants removed the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.  [dkt. #1]

On December 22, 2002 ("Petition Date"), defendants filed voluntary petitions for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Northern District of Georgia.  On December 18, 2003, plaintiff filed an Administrative Claim Request with the bankruptcy court.  The claim request form asserts a claim against defendants in excess of $150,000, stating that the "Basis for Claim" was "Employment Discrimination/Tort Claim" and that the debt was incurred on October 10, 2003, which is the date defendants terminated her.  Memorandum in Support of Motion to Dismiss. ("Mot. Dismiss") Exh. A. [dkt. #4-2]

On June 22, 2004 ("Confirmation Date"), the Bankruptcy Court issued its Confirmation Order.  *See* Findings of Fact, Conclusions of Law, and Order Confirming the Third Amended Joint Plan of Reorganization Filed by the Debtors ("Confirmation Order"), Mot. Dismiss Exh. C. [dkt. #4-4]  The Reorganization Plan became effective on August 4, 2004 ("Effective Date").  *See* Notice of Occurrence of Effective Date of Plan, Deadline for Final Professional Fee and Committee Expense Applications, and Limitation of Notice, Mot. Dismiss Exh. D.  [dkt. #4-5]  Defendants argue that the Confirmation Order precludes plaintiff from bringing her claims in this Court, while plaintiff contends that she may bring her claims in this Court due to an exception in the Confirmation Order.

**Discussion**

A.     **Legal Standard**

Defendants move to dismiss plaintiff's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment pursuant to Federal Rules of Civil Procedure Rule 56.  Because the Court will take into consideration matters outside the complaint, the Court will analyze the motion under the summary judgment standard. *See, e.g., Rann v. Chao*, 346 F.3d 192, 194 (D.C. Cir. 2003); *Bowie v. Ashcroft*, 283 F. Supp. 2d 25, 30 (D.D.C. 2003).

Under Rule 56, a motion for summary judgment should be granted only if it is shown "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  The moving party's "initial responsibility" consists of "informing the [trial] court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted).

If the moving party meets its burden, the burden then shifts to the non-moving party to establish that a genuine issue as to any material fact actually exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  To meet his burden, the non-moving party must show that "'the evidence is such that a reasonable jury could return a verdict'" in his favor. *Laningham v. United States Navy*, 813 F.2d 1236, 1241 (D.C. Cir. 1987) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  Such evidence must consist of more than mere unsupported allegations or denials; rather, the non-moving party must set forth specific facts

showing there is a genuine issue for trial.  Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 322 n.3.  If the evidence is "merely colorable" or "not significantly probative," summary judgment should be granted.  *Anderson*, 477 U.S. at 249-50.

**B.     Analysis**

Defendants contend that a provision in the Confirmation Order bars plaintiff's pre-confirmation claims.  Specifically, the Confirmation Order provides:

> Except as provided for in the Plan or herein, the rights afforded in the Plan and the Distributions to be made thereunder shall be in exchange for and in complete satisfaction, discharge, and release of all existing debts and Claims, and shall terminate all Interests, to the extent provided in the Plan, of any kind, nature, or description whatsoever, including any interest accrued on such Claims after the Petition Date, against or in the Debtors or any of their assets or properties, to the fullest extent permitted by Section 1141 of the Bankruptcy Code.

Confirmation Order ¶ 28.  Defendants also assert that the Confirmation Order expressly operates as a permanent injunction as follows:

> Except as otherwise expressly provided in the Plan, this Confirmation Order, or a separate final Order of the Court, all persons who have held, hold, or may hold claims against or interest in any of the Debtors are permanently enjoined, on and after the effective date, from:
>
> A)   Commencing or continuing in any manner any action or other proceeding of any kind against the Debtors or the reorganized Debtors with respect to any such claim or interest;
>
> B)   Enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against the Debtors or the reorganized Debtors on account of any such claim or interest;
>
> C)   Creating, perfecting, or enforcing any encumbrance of any kind against the Debtors or the reorganized Debtors, or against the property or interests in property thereof, on account of any such claim or interest;
>
> D)   Commencing or continuing in any manner any action or other proceeding of any kind with respect to any claim which is extinguished or released pursuant to the plan; and

4

      E)      Taking any action to interfere with the implementation or consummation of the Plan.

Confirmation Order ¶ 30 (capitalization modified).

Plaintiff responds that her discrimination, retaliation, and defamation claims are all post-petition and pre-confirmation. As a general rule, post-petition/pre-confirmation claims are discharged as part of bankruptcy reorganization. 11 U.S.C. §1141(d)(1)[1]; *United States Commodity Futures Trading Com'n. v. NRG Energy, Inc.*, 457 F.3d 776, 779 (8th Cir. 2006) ("Entry of a confirmation order discharges all debts arising prior to the date of confirmation."); *McSherry v. Trans World Airlines, Inc.*, 81 F.3d 739 (8th Cir. 1996) (holding that plaintiff's post-petition/pre-confirmation employment discrimination claim was discharged as a result of the employer's bankruptcy plan); *Kresmery v. Service Am. Corp.*, 227 B.R. 10, 14 (D. Conn. 1998) (holding that claim arising from alleged discriminatory conduct that occurred post-petition/pre-confirmation was discharged under the reorganization plan). Notwithstanding this precedent, plaintiff argues the prefatory language to ¶ 28 of the Confirmation Order ("Except as provided for in the Plan or herein") coupled with the provisions of the Reorganization Plan permits her to pursue the claims in this Court.

---

[1] Under 11 U.S.C. §1141(d)(1), "[e]xcept as otherwise provided in this subsection, in the plan, or in the order confirming the plan, the confirmation of a plan--
    (A) discharges the debtor from any debt that arose before the date of such confirmation, and any debt of a kind specified in section 502(g), 502(h), or 502(i) of this title, whether or not--
        (i) a proof of the claim based on such debt is filed or deemed filed under section 501 of this title;
        (ii) such claim is allowed under section 502 of this title; or
        (iii) the holder of such claim has accepted the plan . . .

Plaintiff maintains that defendants' Reorganization Plan explicitly grants holders of Administrative Claims (as defined by the Reorganization Plan) the right to liquidate their claims in any court of competent jurisdiction following confirmation of the plan.  *See* Plaintiff's Opposition to Defendants' Motion to Dismiss or Alternatively, for Summary Judgment ("Opp.") at 3.  [dkt. #7]  While plaintiff is correct that in certain cases Administrative Claims may be liquidated in courts of competent jurisdiction, her claims do not fall within this category.

Exhibit 1 of the Reorganization Plan defines an "Administrative Claim" as "an Administrative Claim in the nature of a General Liability Claim or Professional Liability Claim arising *after the Petition Date and on or before the Effective Date*."  Third Amended Joint Plan of Reorganization Filed by the Debtors ("Reorganization Plan") Exh. 1 at 1, Mot. Dismiss Exh. B (emphasis added) [dkt #4-3].  A "Claim," on the other hand, is defined as a "General Liability Claim or Professional Liability Claim arising *on or before the Petition Date*." *Id.* at 1 (emphasis added).  Persons holding Claims must elect either the Insurance Option or the Distribution Option as described in the Reorganization Plan to liquidate their claims; neither option permits the filing of a separate action in a civil court.  *Id* at 2.  Exhibit 1 further provides that a person holding *solely* Administrative Claims "may liquidate his or her Administrative Claim . . . in any court of competent jurisdiction after the Effective Date." *Id.* at 3.  Persons holding *both* Claims and Administrative Claims are required to select between these two options under the Reorganization Plan and do not have the right to file a separate action in a civil court. *Id.* at 1-2.

Thus, if plaintiff holds solely Administrative Claims may she pursue her claims in this Court.  In other words, plaintiff may bring suit in this Court only if all of her claims arose after the Petition Date – December 20, 2002 – and on or before the Effective Date – August 4, 2004.

One of plaintiff's claims is that she was given a negative performance evaluation shortly after complaining about racist behavior in the workplace. Compl. ¶27. It is well-settled that a discrete retaliatory or discriminatory act "occurred" on the day that it happened. *See Nat'l R.R. Passenger v. Morgan*, 536 U.S. 101, 110, 113 (2002). The alleged retaliatory act therefore occurred on the day plaintiff received the evaluation, October 22, 2002. Reply in Support of Defendant's Mot. Dismiss ("Reply") Exh. A. [dkt #8-2]  Given that the Petition Date was December 20, 2002—two months after plaintiff's October 22, 2002 performance evaluation—plaintiff's retaliation claim based on the performance evaluation is properly characterized as pre-petition, and thus is considered a Claim under the Reorganization Plan.

In addition to this Claim, Plaintiff holds at least one Administrative Claims. Specifically, her claim that defendants published defamatory statements about her following her termination in October 2003 arose post-petition and pre-confirmation. According to Exhibit 1 to the Reorganization Plan, persons who possess both Claims and Administrative Claims must elect between the Insurance Option or the Distribution Option. *See* Reorganization Plan, Exh. 1 at 2. Neither option, however, permits plaintiff to file a separate civil action in this Court.

**Conclusion**

For the foregoing reasons, defendant's motion for summary judgment will be granted. An appropriate order will accompany this memorandum opinion.

March 12, 2008

                                        /s/

                                  Thomas F. Hogan
                                  Chief Judge